# In the United States District Court for the Southern District of Georgia
## Brunswick Division

| | | |
|---|---|---|
| THOMAS EDWARD HALL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| CSX TRANSPORTATION, INC., | : | |
| Defendant. | : | NO. CV290-605 |

### O R D E R

Plaintiff, Thomas Edward Hall, filed suit against CSX Transportation, Inc. ("CSX"), under the Federal Employers Liability Act ("FELA"), codified at 45 U.S.C. §§ 51-60, seeking damages for asbestos-related injuries.

Presently before the Court is CSX's motion for summary judgment. Because Hall released his right to assert this claim against the railroad company, CSX's motion will be **GRANTED**.

### BACKGROUND

From 1968 until 2000, Hall worked at CSX's repair facility in Waycross, Georgia, as a laborer, machinist apprentice, and

machinist. During that time, Hall alleges that he was exposed to asbestos and asbestos-containing materials at the workplace. As a result, he filed the instant lawsuit in 1990.

Hall brought another occupational injury claim against CSX, which was settled in August 1999. In settling the 1999 claim, Hall executed a release in CSX's favor. In exchange for $25,000, Hall agreed to release CSX:

> from all claims, suits . . . and causes of action which the undersigned has or might have against them . . . for any and all injuries to person and/or damage to property occurring prior to the date of the SETTLEMENT AND FINAL RELEASE, including but not limited to injuries and/or damage arising out of or in any way connected with an accident at or near Waycross, Georgia, on or about March, 17, 1999; and from all other claims, demands, or legal proceedings the undersigned may have based on his employment with CSXT.

Dkt. No. 91, Ex. A.

At the bottom of the agreement, Hall wrote that he "Read & Understood This Release," and then signed his name.

**SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any

AO 72A
(Rev. 8/82)

material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor. . . ", United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal quotation marks omitted).

**DISCUSSION**

CSX argues that Hall released it from liability for all occupational injury claims that arose prior to the August 1999 release, and from any legal proceedings which he was then litigating against CSX based upon his employment there.

The validity of a release of a FELA cause of action "raises a federal question to be resolved by federal law." S. Buffalo Ry. Co. v. Ahern, 344 U.S. 67, 372 (1953). The party attacking a release under FELA bears the burden of establishing

3

its invalidity. <u>Callen v. Pennsylvania R.R.</u>, 332 U.S. 625, 629-30 (1948).

In an affidavit, Hall contends that the parties did not discuss his asbestos claim when reaching the settlement in 1999, or intend for the asbestos claim to be part of the 1999 release. This assertion is inadmissible parol evidence. Where the terms of the contract are unambiguous, the Court will not look outside the four corners of the document to determine its meaning. <u>See</u>, <u>e.g.</u>, <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 347 & n.12 (1971).

Plaintiff has produced no evidence, beyond his own conclusory allegations, that the 1997 contract was based on either mutual mistake or fraud. <u>Counts v. Burlington N. R.R.</u>, 952 F.2d 1136, 1141 (9th Cir. 1991). Consequently, the parties' agreement is entitled to judicial respect and enforcement.

It is noteworthy that on June 27, 1997, Hall settled another workplace-related injury lawsuit against CSX in exchange for $35,000.[1]  In the 1997 agreement, Hall expressly

---

[1] CSX has produced evidence that Hall has brought at least six separate occupational injury claims against it during the past fifteen years. Four of those suits were settled for an average of over forty thousand dollars each.

4

AO 72A
(Rev. 8/82)

excluded from the terms of the release his claim based on asbestos-related injuries. Dkt. No. 91, Ex. E. This demonstrates that when the parties wished to exclude asbestos-related claims, they were capable of doing so, and significantly undercuts Hall's argument of mutual mistake.

In sum, Hall released his right to litigate his asbestos lawsuit, and summary judgment is warranted in CSX's favor.

## CONCLUSION

For the reasons explained above, CSX's motion for summary judgment is **GRANTED**. See Dkt. No. 90. The Clerk is directed to enter judgment accordingly.

**SO ORDERED**, this ___23___ day of November, 2005.

```
                                 _____
                                 JUDGE, UNITED STATES DISTRICT COURT
                                 SOUTHERN DISTRICT OF GEORGIA
```

AO 72A
(Rev. 8/82)